13-4341-cv
Caruso-Famiglietti v. Huntington Union Free School District, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fourteen.

PRESENT:  JOHN M. WALKER, JR.,
              ROSEMARY S. POOLER,
              RICHARD C. WESLEY,
                  *Circuit Judges.*

---

VICENZA CARUSO-FAMIGLIETTI,

        *Plaintiff-Appellant,*

    -v.-                      No. 13-4341-cv

HUNTINGTON UNION FREE SCHOOL DISTRICT, CARMEN CASPER, JOHN FINELLO, JOSEPH GIANI, JAMES POLANSKY,

        *Defendants-Appellees.*

---

1

FOR APPELLANT:     Steven A. Morelli, The Law Offices of Steven A. Morelli, P.C., Garden City, NY.

FOR APPELLEES:     Steven C. Stern (Melissa L. Holtzer, *on the brief*), Sokoloff Stern LLP, Carle Place, NY.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff Vicenza Caruso-Famiglietti appeals from the October 23, 2013 judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*), granting Defendants-Appellees' motion to dismiss.

On appeal, Caruso-Famiglietti argues that the district court erred in dismissing her procedural due process claim.[1]  Specifically, she contends that Defendants-Appellees violated her procedural due process rights by failing to provide an evidentiary hearing prior to excessing her.  Caruso-Famiglietti grounds this claim on New York Education Law Section 2510(1), which some courts have suggested may require a predeprivation hearing when a tenured teacher's position is abolished and a similar position is concurrently created.  *See,*

---

[1] Caruso-Famiglietti does not challenge the dismissal of her claims alleging violations of the Equal Protection Clause of the Fourteenth Amendment and various state and local laws.

*e.g.*, *DeSimone v. Bd. of Educ., S. Huntington Union Free Sch. Dist.* 612 F. Supp. 1568 1570–71 (E.D.N.Y. 1985).

Even were we to conclude that Caruso-Famiglietti was terminated and that a pretermination hearing is required when a tenured teacher's position is abolished and a similar post is concurrently created – two issues we do not reach – Caruso-Famiglietti fails to plausibly plead that the newly created positions in this case were similar to her old position.

We have also analyzed Caruso-Famiglietti's due process claim under the framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Weighing all of the *Mathews* factors in the balance, Caruso-Famiglietti has not plausibly alleged a procedural due process violation.

We have considered Caruso-Famiglietti's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk